Daniel T. Pascucci (SBN 166780)
dpascucci@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Evan S. Nadel (SBN 213230)
enadel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 432-6000
Facsimile: (415) 432-6000

Attorneys for Defendant
THE ACTIVE NETWORK, INC.

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER WEIGHT, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ACTIVE NETWORK, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. '14CV0790 W KSC<br><br>**NOTICE OF REMOVAL BY DEFENDANT THE ACTIVE NETWORK, INC. PURSUANT TO 28 U.S.C. §§ 1332(d), 1446(a), AND 1453(b)**<br><br>**(CLASS ACTION FAIRNESS ACT)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that defendant The Active Network, Inc. ("Active") hereby removes to this Court the state court action described below.

**Background Information**

1. On February 24, 2014, Plaintiff Christopher Weight commenced a putative class action in the Superior Court of the State of California, County of San Diego, against Active and others, captioned: *Christopher Weight, an individual, on behalf of himself and all others similarly situated v. The Active Network, Inc., a Delaware corporation; and DOES 1 through 100, inclusive*, Case No. 37-2014-00004713-CU-AT-CTL (the "State Court Action").

2. The Complaint in the State Court Action alleges violations of California Civil Code §2891, *et seq.* (California's Consumer Legal Remedies Act) and California Business & Professions Code §17200, *et seq.* (California's Unfair Competition Law, or "UCL"), and asserts claims for declaratory and injunctive relief and damages against Active and Does 1-100 (collectively "Defendants"). Attached as **Exhibit 1** is a true and correct copy of the Complaint and Summons served on Active in the State Court Action.

**The Parties**

3. According to the Complaint, Plaintiff Christopher Weight is an individual over 18 years of age who resides in San Diego County, California. *Compl.* at ¶ 2.

4. The Complaint also alleges that Active is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of California. *Id.* at ¶ 3.

5. According to the Complaint, Does 1-100 are agents, employees or affiliates of Active. *Id.* at ¶ 5.

///

///

**Timeliness of Removal**

6. Active received the Summons and Complaint in the State Court Action on March 5, 2014. This Notice of Removal is being timely filed within thirty (30) days after receipt of a triggering document pursuant to 28 U.S.C. § 1446(b).

**Venue**

7. Venue is appropriate in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a), as this removal has been brought in the district in which the matter was pending in state court.

**Diversity Jurisdiction under the Class Action Fairness Act of 2005**

8. This action is a civil action that may be removed pursuant to 28 U.S.C. §§ 1446(a) and 1453(b) because this Court has diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

9. The Complaint alleges that Active "automatically" enrolled Weight into a free trial of the Active Advantage program "[u]nbeknownst to Plaintiff," and that Weight did not "knowingly consent to the use of his credit card to pay for the Active Advantage membership." *Compl.* at ¶¶ 9-10. Weight further alleges that he is "one of many thousands of similarly-situated Class members across the State of California – indeed, across the entire United States – who has been victimized by the deceptive Active Advantage program." *Compl.* at ¶ 11. To that end, the Complaint asserts a national class action and defines the Class to include not only <u>citizens</u> of California, but more broadly as "All California <u>residents</u> who, within four years of the filing of this Complaint, were enrolled in the Active Advantage program in connection with a credit or debit card purchase they made on the Active.com website." *Compl.* at ¶ 14 (emphasis added).

10. Active is a citizen of Delaware and California. *Compl.* at ¶ 3. Plaintiff Christopher Weight asserts that he is a resident of California but does not allege his state of citizenship. *Id.* at ¶ 2. Upon information and belief, Weight not

only lives in California, but also works in California and has a motor vehicle registered in California, indicating his intent to remain in California. Weight is therefore domiciled in California and a citizen of California.

11. According to Active's enrollment and payment records, the proposed class, as defined by Plaintiff, includes many "California residents" who are domiciled in states other than California or Delaware. *Declaration of Stacy Fernandes* at ¶ 5 ("Fernandes Decl.") (attached as **Exhibit 2**). Thus, minimal diversity is established because at least one putative class member is a citizen of a different state than Active. *See* 28 U.S.C. § 1332(d)(2)(A).

12. The size of the putative class exceeds the required 100 people. *See* 28 U.S.C. § 1332(d)(5)(B). The Complaint alleges that there are "at least 30,000 class members." *Compl.* at ¶ 15. Active's enrollment records indicate that the proposed class, as defined by the Complaint, includes more than 83,500 individuals. *Fernandes Decl.* at ¶ 3.

13. Finally, although the Complaint is silent as to the specific amount of monetary relief sought by the proposed class, that amount can be ascertained by reference to the relief requested by the representative plaintiff and Active's records. Plaintiff seeks compensatory damages and restitution to restore to all putative class members all monies charged by Active as well as interest paid on the charges, punitive damages, attorneys' fees, costs, prejudgment interest, post-judgment interest, imposition of a constructive trust over all monies and assets acquired by Active from the proposed class, declaratory relief and permanent injunctive relief. *Compl.* at ¶¶ 27, 34, 35, 41 & Prayer for Relief.

14. Plaintiff alleges that Active "charged $59.99 (and later $64.99) for an annual membership in the Active Advantage program." *Compl.* at ¶ 17(b). Multiplying the lower amount ($59.99) by 83,500 (the minimum number of putative class members, using the proposed class as defined in the Complaint, according to Active's records) yields a class-wide amount in controversy of more

than $5 million. This conservative calculation assumes that every purported class member was enrolled for only <u>one</u> year and that every class member paid the <u>lower</u> of the two membership fee amounts alleged in the Complaint. Active's records reveal, however, that the putative class members actually paid more than $5 million in enrollment/membership fees to Active Network. *Fernandes Decl.* at ¶ 4.

15. The $5 million calculation above does not include the value of other relief sought in the Complaint, including punitive damages, attorneys' fees, declaratory relief and permanent injunctive relief (*Compl.* at ¶¶ 27, 34, 35, 41 & Prayer for Relief), all of which apply to the amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(6).

16. In sum, if the proposed class were to prevail on all claims and recover all remedies sought in the Complaint, then, pursuant to the allegations of the Complaint, the relief awarded in the aggregate would exceed $5,000,0000. *See* 28 U.S.C. § 1332(d)(6).

Dated: April 4, 2014

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: */s/Daniel T. Pascucci*
Daniel T. Pascucci, Esq.
Evan S. Nadel, Esq.

Attorneys for Defendant
THE ACTIVE NETWORK, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of San Diego, my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 3580 Carmel Mountain Road, Suite 300, San Diego, CA 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 4, 2014, I caused a copy of the following document:

**NOTICE OF REMOVAL BY DEFENDANT THE ACTIVE NETWORK, INC. PURSUANT TO 28 U.S.C. §§ 1332(d), 1446(a), AND 1453(b)**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Steven L. Marchbanks, Esq.<br>PREMIER LEGAL CENTER, A.P.C<br>2550 Fifth Avenue, 9th Floor<br>San Diego, CA 92103 | Attorneys for Plaintiff<br>CHRISTOPHER WEIGHT |
| Robert G. Loewy<br>Law Office of Robert G. Loewy<br>1101 Quail Street<br>Newport Beach, CA 92660 | Attorneys for Plaintiff<br>CHRISTOPHER WEIGHT |

[XX] **MAIL:** Such correspondence was deposited, postage fully paid, with the U.S. Postal Service on the same day in the ordinary course of business.

I declare under penalty of perjury that the above is true and correct. Executed on April 4, 2014, at San Diego, California.

*/s/Daniel T. Pascucci*

27582811v.3