1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10   CHRISTOPHER WEIGHT, an              CASE NO. 14-CV-790 JLS (KSC)
     individual, on behalf of himself and
11   all others similarly situated,          **ORDER: (1) GRANTING**
                                             **PLAINTIFF'S MOTION TO**
12                            Plaintiff,     **REMAND; AND (2) DENYING**
                                             **AS MOOT DEFENDANT'S**
13                                           **MOTIONS TO DISMISS**
          v.
14                                           (ECF Nos. 5, 8, 11)
15
16
17   THE ACTIVE NETWORK, INC.,
     a Delaware corporation; and DOES
18   1 through 100, inclusive,
19                            Defendants.
20

21          Presently before the Court is Plaintiff Christopher Weight's ("Plaintiff") Motion

22   to Remand.  (ECF No. 8.)  Also before the Court is Defendant The Active Network,

23   Inc.'s ("Active") Response in Opposition (ECF No. 10), Plaintiff's Reply in Support

24   (ECF No. 15), and Active's two Motions to Dismiss (ECF Nos. 5, 11).  The Court

25   vacated the hearings set for May 15 and June 5, 2014 and took the matters under

26   submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  (ECF Nos.

27   12, 16).  Having considered the parties' arguments and the law, the Court **GRANTS**

28   Plaintiff's Motion to Remand and **DENIES AS MOOT** Active's Motions to Dismiss.

**BACKGROUND**[1]

Plaintiff, a citizen of California, brings this consumer-fraud class action against Active, a citizen of both California and Delaware.  (First Am. Compl. ("FAC") ¶¶ 2–3, ECF No. 7; Notice of Removal ¶ 10, ECF No. 1.)  Active operates the sports and recreation website Active.com ("the Website"), which serves as the exclusive method of online registration for certain events.  (FAC ¶ 9, ECF No. 7.)

On or about December 7, 2013, Plaintiff registered for the 2014 San Diego Resolution 5k and 15k ("the Race") via the Website, using his credit card to pay Active both a $35 registration fee and a $3.61 processing fee.  (*Id.* ¶ 10.)  Allegedly without Plaintiff's knowledge or consent, registering for the Race automatically enrolled him in Active's Active Advantage program ("the Program"), which provides "discounts on certain travel and outdoor gear" and future races.  (*Id.* ¶ 11.)  After a thirty-day free trial period, Plaintiff was charged $64.99 for an annual membership in the Program.  (*Id.*)

Plaintiff alleges that "[s]ince at least February 2010," Active has been placing, "in small font near the bottom of the [registration] page, . . . a pre-checked selection for Class members to enroll in a 'free trial' of the Active Advantage program, after which time Class members would be billed an annual charge of $59.99 (subsequently raised to $64.99)."  (*Id.* ¶ 12.)  Plaintiff alleges that thousands of California consumers have been similarly misled by Active's practice.  (*Id.* ¶ 14.)

On February 24, 2014, Plaintiff filed this action in the Superior Court for the State of California, County of San Diego.  (*See* Notice of Removal Ex. 1, ECF No. 1-2.)  In the Complaint, Plaintiff defined the class as "[a]ll California *residents* who, within four years of the filing of this Complaint, were enrolled in the Active Advantage program in connection with a credit or debit card purchase they made on the Active.com website."  (Compl. ¶14, ECF No. 1-2 (emphasis added).)

On April 4, 2014, Active removed the action to this Court.  (*See generally* Notice

---

[1] The facts set forth in this section are drawn exclusively from Plaintiff's First Amended Complaint ("FAC").  (ECF No. 7).  Although certain alterations to the FAC are disputed, the facts alleged therein do not differ from those appearing in the original Complaint.

1  of Removal, ECF No. 1).  Active claimed that this Court had diversity jurisdiction

2  because, "[a]ccording to Active's enrollment and payment records, the proposed class,

3  as defined by Plaintiff, includes many 'California residents' who are domiciled in states

4  other than California or Delaware," and thus citizens of other states.  (*Id.* ¶ 11 (citations

5  omitted); *see also* Decl. of Stacey Fernandes in Supp. of Notice of Removal ¶¶ 3, 5,

6  ECF No. 1-3.)  On April 11, 2014, Active moved to dismiss.

7         On April 30, 2014, Plaintiff filed his FAC, which defined the class to include

8  "[a]ll individuals who . . . were *citizens* of California as of February 24, 2014."  (FAC

9  ¶ 21, ECF No. 7 (emphasis added).)  Subsequently, Plaintiff filed the instant Motion to

10  Remand and again moved to dismiss.

11                                      **LEGAL STANDARD**

12         In cases "brought in a State court of which the district courts of the United States

13  have original jurisdiction," a defendant may remove the case to federal district court.

14  28 U.S.C. §1441(a).  However, the removing party bears the burden of establishing that

15  federal subject-matter jurisdiction exists.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

16  1195 (9th Cir. 1988).  Moreover, courts "strictly construe the removal statute against

17  removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations

18  omitted).  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to

19  the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy

20  Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

21         In general, "jurisdiction must be analyzed on the basis of the pleadings filed at

22  the time of removal without reference to subsequent amendments."  *Williams v. Costco

23  Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).  Thus, to prevent plaintiffs from

24  manipulating the forum, generally "post-removal pleadings have no bearing on whether

25  the removal was proper."  *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th

26  Cir. 2002).  However, when a pleading is amended to clarify the original complaint

27  rather than manipulate the forum, the court can look to the amended complaint to

28  determine whether the court exercised jurisdiction over the action at the time of

removal.  *See, e.g.*, *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1164–65 (S.D. Cal 2003).

## ANALYSIS

The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), grants district courts original jurisdiction over class actions in which (1) the parties are minimally diverse—in other words, at least one member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).  For purposes of diversity jurisdiction, an individual is the citizen of the state in which he is domiciled.  *See Guinto v. Marcos*, 654 F. Supp. 276, 278 (S.D. Cal. 1986) (citations omitted).  A corporation, on the other hand, has dual citizenship—it is a citizen of both the state in which it was incorporated and the state in which it has its principal place of business.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972) (citing 28 U.S.C. § 1332(c).

Active is a citizen of both California and Delaware, as it acknowledged in its own Notice of Removal.  (Notice of Removal ¶ 10, ECF No. 1 (citing Compl. ¶ 3, ECF No. 1-2).)  Whether this Court has jurisdiction over this case therefore depends on the citizenship of the proposed class members.  If every proposed class member is a *citizen* of California, then there is no minimal diversity, and the Court must remand this case.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  However, if the proposed class members are merely *residents* of California, and therefore include citizens of other states, then this Court may have jurisdiction over the case.  Ultimately at issue is whether the FAC's revised class definition, redefining the class in terms of "citizens" rather than "residents," constitutes an amendment to, or merely a clarification of, the original Complaint.

If the revision is an amendment, as Active argues, then, pursuant to *Abada*, the Court cannot rely on the revised class definition in assessing its jurisdiction over this

matter.  *See* 300 F.3d at 1117.  Thus, "residents" not being equivalent to "citizens" under federal law, the parties would be minimally diverse, and the Court would have had jurisdiction over the case pursuant to CAFA at the time of removal.  Accordingly, to support his Motion to Remand, Plaintiff would have to meet the requirements of the Home-State Exception[2] and provide a factual basis for his contention that at least two-thirds of the proposed class members are California citizens, as required by *Mondragon v. Capital One Auto Finance*.  736 F.3d 880, 884 (9th Cir. 2013).[3]  If the revision is merely a clarification, on the other hand, then at the time of removal the class—defined, per the FAC, in terms of California citizenship—would be comprised solely of California citizens.  Thus, Active being a citizen of California as well, minimal diversity would be lacking, and the Court would be required to remand the case.

In light of the particular facts of this case, the Court finds that Plaintiff's revision is a clarification rather than an amendment.  As in *Schuster*, where the plaintiff's amended complaint clarified that he had no intention of pursuing federal claims, here Plaintiff's amended complaint merely clarifies that his original intent was to litigate on behalf of California citizens only.  *See* 319 F. Supp. 2d 1159.  Plaintiff's original Complaint limited the class to a set of California "residents."  (Compl. ¶14, ECF No. 1-2).  While, under federal law, "resident of" is not equivalent to "domiciled in"—and, therefore, also not equivalent to "citizen of"—the instant action was originally filed in the California state court system, which has no equivalent of diversity jurisdiction and thus does not require the careful distinction between "residents" and "citizens."  Indeed, people often colloquially use the term "residence" interchangeably with the word

---

[2] Pursuant to CAFA's Home-State Exception, a district court must decline to exercise jurisdiction over a class action when at least two-thirds of the class members and the defendant are citizens of the state in which the action was originally filed.  28 U.S.C. § 1332(d)(4).

[3] In *Mondragon*, the Ninth Circuit held that when a plaintiff moves to remand due to the Home-State Exception, the court should not base its decision "simply on a plaintiff's allegations, when they are challenged by the defendant." *Id.* at 884 (citations omitted).  Rather, "[a] district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Id.* (citations omitted).

"domicile."[4]  Thus, after the action was removed to federal court, Plaintiff filed the FAC simply to "make clear that he is suing on behalf of California citizens only."  (Mot. to Remand 2, ECF No. 8-1.)

Active argues that Plaintiff's post-pleading amendment of the class definition is an improper attempt at forum manipulation and thus should have no bearing on whether to remand the action; rather, the class definition provided in the original Complaint, which offered a basis for federal jurisdiction, should control. (Resp. in Opp'n 10, ECF No. 10.)  In so arguing, Active relies extensively on *Mondragon*.  In *Mondragon*, however, the plaintiff was suing on behalf of "*[a]ll persons* who . . . purchased a vehicle in California for personal use to be registered in the State of California." 736 F.3d at 883 (emphasis in original).  This phrasing—which does not reference the class members' residency, domicile, or citizenship—did not provide a similar basis for the plaintiff to argue that he intended to limit the class to California citizens.  The definition in *Mondragon* was indiscriminate as to the domicile of the class members and instead focused on the vehicles at issue, providing significant details about where those vehicles should have been purchased and registered.  Here, on the other hand, the definition is phrased in relation to the class members themselves and instead, rather inartfully, attempts to address the domicile of those persons who meet the class criteria.  In light of these significant differences, the Court finds *Mondragon* inapposite.

Having reviewed the record, the Court determines that Plaintiff did not file his FAC to manipulate the forum, but rather to clarify a point that happens to bear on this Court's jurisdiction.  Active points to no concrete reason to believe otherwise.  In light of the Court's interpretation of the revised class definition as a clarification rather than an amendment, the Home-State Exception, upon which Active bases its argument, does

---

[4] *Compare Domicile*, Merriam-Webster, http://www.merriam-webster.com/dictionary/domicile?show=0&t=1402617799 (last visited June 12, 2014) (defining "domicile" as "a dwelling place: place of residence: home") *with Residence*, Merriam-Webster, http://www.merriam-webster.com/dictionary/residence (last visited June 12, 2014) (defining "residence" as "the act or fact of dwelling in a place for some time" or "the place where one actually lives").

not even come into play.  Because Plaintiff pleaded a class limited to California citizens, and because Active is also a California citizen, there is no diversity of citizenship.  Thus, at the time of removal, this Court lacked subject-matter jurisdiction over this action.  Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court **GRANTS** Plaintiff's Motion to Remand.

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. Accordingly, the Court **HEREBY REMANDS** this action to the Superior Court for the County of San Diego.  Moreover, in light of the Court's disposition of this matter, the Court **DENIES AS MOOT** Active's Motions to Dismiss.

**IT IS SO ORDERED.**

DATED:  June 27, 2014

Honorable Janis L. Sammartino
United States District Judge

14cv790